UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUNDRA L. JONES<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-cv-1360-KJN<br><br><br><br>ORDER |

Plaintiff Saundra Jones seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from March 29, 2013, the date that plaintiff's SSI application was filed, through January 28, 2015, the date of the administrative law judge's ("ALJ") final decision. (ECF No. 20.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 22.) No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 10.)

1

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

I. BACKGROUND

Plaintiff was born on May 8, 1970; has a ninth grade education; can communicate in English; and previously worked as a caretaker and material handler. (Administrative Transcript ("AT") 24-25, 38-39, 85, 88.)[2] On March 29, 2013, plaintiff applied for SSI, alleging that her disability began on October 1, 2008. (AT 131, 212.) Plaintiff claimed that she was disabled due to hearing voices, poor memory, anxiety attacks, back problems, and stomach problems. (AT 233.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on October 28, 2014, at which plaintiff, represented by counsel, and a vocational expert ("VE") testified. (AT 13, 64-98.) The ALJ subsequently issued a decision dated January 28, 2015, determining that plaintiff had not been under a disability, as defined in the Act, from March 29, 2013, the date plaintiff's SSI application was filed, through the date of the ALJ's decision. (AT 27.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 1, 2016. (AT 1-4.) Plaintiff subsequently filed this action on June 17, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ erroneously rejected the opinion of plaintiff's treating psychiatrist; (2) whether the ALJ erred in concluding that plaintiff did not meet or equal a Listing at step three; and (3) whether additional evidence presented to the Appeals Council warrants remand.[3]

////

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Plaintiff's brief raises these issues in a somewhat different order.

2

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[4] At the first step, the ALJ concluded that plaintiff had not

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the

3

engaged in substantial gainful activity since March 29, 2013, plaintiff's SSI application date. (AT 16.) At step two, the ALJ found that plaintiff had the following severe impairments: lumbago (low back pain), left knee pain, and adjustment disorder with depression and anxiety. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.)

> Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:
>
>> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant can lift and carry 50 pounds occasionally and 25 pounds frequently; stand, walk and sit for 6 hours each in an 8-hour workday with normal breaks; occasionally bend and stoop; no limitations in holding, fingering, or feeling objects; no limitations in speech, hearing or vision. The claimant is able to perform simple and repetitive tasks, and detailed and complex tasks; perform work activities without special supervision; interact with supervisors without any limitations and interact with coworkers and public on a frequent basis; maintain regular attendance; and deal with the usual stresses encountered in competitive work.

(AT 17.) At step four, the ALJ determined that plaintiff was capable of performing past relevant work as a material handler. (AT 24.) Consequently, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from March 29, 2013, plaintiff's SSI application filing date, through January 28, 2015, the date of the ALJ's decision. (AT 27.)

////

////

////

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

Plaintiff's Substantive Challenges to the Commissioner's Determinations

*Whether the ALJ erroneously rejected the opinion of plaintiff's treating psychiatrist*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[5] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

---

[5] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; (6) specialization. 20 C.F.R. § 404.1527.

In this case, plaintiff's treating psychiatrist, Dr. Swati Rao, completed a two-page mental source statement dated October 6, 2014, indicating *inter alia* that plaintiff had a poor ability to understand and remember detailed or complex instructions, attend and concentrate, interact with the public, interact with coworkers, interact with supervisors, adapt to changes in the workplace, and be aware of and react appropriately to normal hazards. (AT 389-90.) Because Dr. Rao's opinion was contradicted by other opinions in the record, the ALJ was required to provide specific and legitimate reasons to discount Dr. Rao's opinion. As discussed below, the court concludes that the ALJ properly discharged that obligation.

As an initial matter, the ALJ reasonably observed that Dr. Rao's severe opinion was not supported by her own treatment records. (AT 20.) As the ALJ explained, Dr. Rao saw plaintiff once on August 25, 2014, for only about ten minutes, and then again on October 6, 2014, to complete the mental source statement. (AT 20, 23.) As such, at the time of Dr. Rao's mental source statement, Dr. Rao and plaintiff had an extremely brief and limited treatment relationship. Moreover, the August 25, 2014 treatment note related to the 10-minute visit largely documents plaintiff's subjective complaints, which the ALJ properly found less than credible for the reasons discussed below. (AT 20, 388.) Additionally, the mental source statement is unaccompanied by any narrative report, despite explicit instructions on the form to submit such a report with the mental source statement. (AT 389-90.)

Furthermore, the ALJ properly relied on the opinion of consultative examining psychologist Dr. David Richwerger, who examined plaintiff on July 11, 2013. (AT 19-20, 347-54.) Dr. Richwerger reviewed plaintiff's records, performed a complete psychological evaluation, and conducted psychological testing. (AT 347-48.) However, he found plaintiff's test results to be invalid, because they appeared to be "significant underestimates due to a performance consistent with a low effort." (AT 351.) Dr. Richwerger diagnosed plaintiff with a mild to moderate adjustment disorder with anxiety and depression, and opined that plaintiff had mild to no impairment in all mental functioning domains. (AT 353-54.) Because Dr. Richwerger personally examined plaintiff and made independent clinical findings, his opinion constitutes substantial evidence on which the ALJ was entitled to rely.

Additionally, as part of reviewing plaintiff's prior records, Dr. Richwerger referenced and reviewed a prior psychological evaluation performed on June 24, 2010, by Dr. Janice Nakagawa. (AT 348.) Dr. Nakagawa diagnosed malingering, noting that plaintiff was "very vague and inconsistent in clinical interview, emphasizing limitations and distorting information for secondary gain. The well-normed test to screen for malingering was positive." (AT 304.)

Therefore, in light of the deficiencies of Dr. Rao's opinion and the well-supported opinion of Dr. Richwerger (as bolstered by the consistent prior examining opinion of Dr. Nakagawa), the ALJ properly discounted Dr. Rao's opinion.

*Whether the ALJ erred in concluding that plaintiff did not meet or equal a Listing at step three*

The claimant "bears the burden of proving that ... she has an impairment that meets or equals the criteria of an impairment listed in Appendix 1 of the Commissioner's regulations." Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify...For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990). A determination of medical equivalence must rest on objective medical evidence. See Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) ("A finding of equivalence must be based on medical evidence only."); Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999) ("Medical equivalence must be based on medical findings…A generalized assertion of functional problems is not enough to establish disability at step three."); 20 C.F.R. § 404.1529(d)(3) ("In considering whether your symptoms, signs, and laboratory findings are medically equal to the symptoms, signs, and laboratory findings of a listed impairment, we will look to see whether your symptoms, signs, and laboratory findings are at least equal in severity to the listed criteria. However, we will not substitute your allegations of pain or other symptoms for a missing or deficient sign or laboratory finding to raise the severity of your impairment(s) to that of a listed

impairment."). Furthermore, "[t]he mere diagnosis of an impairment listed in Appendix 1 is not sufficient to sustain a finding of disability." Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir. 1985). Instead, all of the specified medical criteria must be met or equaled. Id. at 1550.

Plaintiff argues that the ALJ failed to properly consider her for various mental disorder listings, including Listings 12.03 (schizophrenia and other psychotic disorders), 12.04 (depressive disorders, bipolar disorder, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.08 (personality and impulse-control disorders). However, when properly weighed, the medical evidence of record do not support the existence of an extreme limitation of one area, or a marked limitation of two areas, of mental functioning necessary to satisfy the Paragraph B criteria of any of these listings. Furthermore, although plaintiff was diagnosed at various points with some mental disorders that appear on a listing, a mere diagnosis is not sufficient to show that plaintiff meets or equals a Listing.

Therefore, the court finds no error at step three.

*Whether additional evidence presented to the Appeals Council warrants remand*

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Comm'r of Soc. Sec., 682 F.3d 1157, 1163 (9th Cir. 2012).

Plaintiff submitted to the Appeals Council additional treatment notes by Dr. Rao dated October 6, 2014; December 29, 2014; January 12, 2015; and January 26, 2015. (AT 397-402.) The additional records show some ongoing medication management by Dr. Rao. Nevertheless, those records again largely document plaintiff's alleged subjective symptoms, with no actual psychological testing performed, and also show that plaintiff frequently self-discontinued her medications. To be sure, individuals with mental illness cannot always be faulted for failing to comply with their treatment regimen. However, given the previous clear findings of malingering and poor effort by two consultative examiners who personally examined plaintiff, the court is not persuaded that the additional evidence presented to the Appeals Council disturbs the conclusion that substantial evidence supports the ALJ's final decision.

V.   CONCLUSION

For the foregoing reasons, the court concludes that the ALJ's decision was free from prejudicial error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 20) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is GRANTED.

3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: July 5, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE